# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52065

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 9, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN CAMERON GALBRAITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for domestic battery with traumatic injury in the presence of a child, <u>affirmed</u>.

Silvey Law Office LTD; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Brian Cameron Galbraith appeals from his judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for domestic battery with traumatic injury in the presence of a child. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Galbraith pled guilty to domestic violence with traumatic injury in the presence of a child, Idaho Code § 18-918(2) & (4).[1] In exchange for his guilty plea, the State agreed to dismiss an additional charge in this case and to dismiss another case in its entirety. The district court ordered

---

[1] Galbraith also pled guilty to one misdemeanor charge. However, he does not challenge this conviction or sentence on appeal.

1

Galbraith to undergo domestic violence and mental health evaluations prior to sentencing. Citing concerns with the domestic violence evaluator's assessments, specifically, the Ontario Domestic Assault Risk Assessment (ODARA),[2] Galbraith filed a motion to continue his sentencing hearing in order to obtain a new domestic violence evaluation. The district court denied the motion, stating that Galbraith could challenge the evaluation at the sentencing hearing and that he was not entitled to another evaluation. The district court sentenced Galbraith to a unified term of fifteen years, with a minimum period of confinement of five years. Galbraith appeals.

## II.

## STANDARD OF REVIEW

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.     Motion to Continue

Galbraith argues the district court abused its discretion by denying his motion to continue the sentencing hearing in order to have another evaluation performed by a different evaluator and that the error prejudiced his substantial rights. The State argues the district court was aware of the ODARA discrepancies and appropriately discounted them, rendering a motion to continue for a new evaluation unnecessary and leaving Galbraith's substantial rights unprejudiced. Galbraith also argues the district court erred in sentencing him based on the incorrect evaluation, incorrectly discounted the psychological evaluation based on mistaken beliefs, and incorrectly relied on the domestic violence evaluator's unfounded impressions. The State argues the district court did not err in imposing sentence.

---

[2]     ODARA is one of ten assessments in the domestic violence evaluation.

The Idaho Supreme Court has held that, to establish an abuse of discretion, a defendant must show that the denial of the motion to continue prejudiced his or her substantial rights. *State v. Dopp*, 129 Idaho 597, 610, 930 P.2d 1039, 1052 (Ct. App. 1996). A "bare claim that additional investigation could have been conducted is not sufficient to demonstrate unfair prejudice so as to support a motion for a continuance." *State v. Tapia*, 127 Idaho 249, 255, 899 P.2d 959, 965 (1995).

At the hearing on the motion to continue, the district court acknowledged Galbraith's concerns about the ODARA component of his domestic violence evaluation but denied his motion. The district court explained that Galbraith could challenge the evaluation at sentencing and noted that other assessments were generally favorable to him. The district court further reasoned that ordering a different evaluation would cause significant delay, which the district court found unnecessary given the age of the case, the extensive information already before it, and the limited role the ODARA score played in Galbraith's sentencing.

In denying Galbraith's request for a continuance in order to have a different evaluator prepare a new domestic violence evaluation, the district court did not abuse its discretion. The district court recognized that Galbraith was not entitled to a new evaluation or to choose another evaluator. "Persons who plead guilty or are found guilty of domestic assault, domestic battery or attempted strangulation, may be ordered to undergo an evaluation under Idaho Code § 18-918(7) by an evaluator approved by the Domestic Assault and Battery Evaluator Advisory Board." Idaho Criminal Rule 33.3. The district court therefore had discretion to order an evaluation, but it was not required to order an additional evaluation.

Galbraith has not shown prejudice based on the failure to allow him the opportunity to participate in a new evaluation because he cannot show that a new evaluation would have been more favorable to him. Galbraith does not demonstrate that a new evaluator invariably would have scored the ODARA lower than the district court. In addition, Galbraith fails to show prejudice because the domestic violence evaluation was minimally considered at sentencing. The district court devoted a total of seven lines of sentencing hearing transcript to discussing the ODARA score and agreed with the parties that some of the listed factors did not apply to Galbraith. The district court, instead, focused on the aggravating facts and the applicable legal standards.

Galbraith maintains that both evaluations informed the district court of his risk and treatment needs. Discrediting the domestic violence evaluation would necessarily undermine the

weight of the psychological evaluation as well. Galbraith fails to show the domestic violence evaluation significantly affected the sentence he received and that a new evaluation would have changed the outcome; as a result, he has failed to show prejudice based on the denial of his motion to continue. Accordingly, the district court did not abuse its discretion in denying Galbraith's motion to continue the sentencing hearing to allow for a new evaluation by a different evaluator. The district court also did not abuse its discretion in considering the objected-to evaluation at sentencing.

**B.  Excessive Sentence**

Galbraith argues the district court abused its discretion by imposing an unreasonable and unduly harsh sentence. First, Galbraith argues the district court imposed an unreasonably harsh sentence by failing to properly consider his remorseful allocution and acceptance of responsibility. Second, Galbraith asserts the district court improperly relied on unproven allegations from his civil proceedings that were not admitted as evidence in this case. Third, Galbraith contends the district court turned comments about him not advertising marriage problems into a pejorative connotation of secrecy. Fourth, Galbraith argues the district court misunderstood or misapplied the evaluations--discounting the psychological evaluation based on a mistaken premise while crediting the domestic violence evaluator's impressions without evidentiary support. Last, Galbraith maintains the district court failed to give appropriate weight to his protective factors and imposed a sentence more severe than the State recommended, rendering the sentence unreasonably harsh.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

At sentencing, the district court reviewed the ODARA assessment; the background facts of the case; Galbraith's upbringing, education, employment, physical health, mental health evaluation, and character letters. The district court distinguished between the two evaluations presented and considered the photographs of the crime scene and the letters from the victim and the victim's daughter. The district court also reviewed the uncontested medical evidence of the victim's injuries, addressed Galbraith's claim of self-defense, read from the presentence investigation report, and found Galbraith's account not credible. The district court discussed the gravity of Galbraith's conduct and the lasting harm it caused. The district court emphasized that the offense caused immediate and potentially long-term emotional damage to the children. The district court also noted the severity of the victim's injuries and Galbraith's continued attempt to minimize his responsibility by blaming the victim. In light of the violent nature of the offense, the vulnerability of those affected and Galbraith's lack of genuine accountability, the district court found a term of confinement necessary to protect the public and achieve the additional sentencing goals of deterrence, rehabilitation, and retribution. Galbraith has failed to show the district court abused its sentencing discretion.

## IV.

## CONCLUSION

Galbraith has failed to show the district court abused its discretion by denying his motion to continue the sentencing hearing and considering the objected-to evaluation at sentencing. Galbraith has also failed to show the district court abused its sentencing discretion. Accordingly, Galbraith's judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for domestic battery with traumatic injury in the presence of a child are affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.